No. 908

BAY (VIL.) v. U. S. FID. & GUAR. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.
Landfear, Baskin & Price, Cleveland, for

Bay Village.

Stearns, Chamberlain & Royon, Cleveland,

for U. S. Fid. & Guar. Co.

Judges of the Sixth District, sitting.

923. PLEADINGS—1053. Roads and Highways—797. Municipal Corporation—753. Measure of Damages—165. Bonds.

WILLIAMS, J.

1. In action by village to recover cost of slagging and completing streets, surety bond, given by realty company to secure performance of agreement to complete streets, cannot be attached to pleading and made part thereof so as to make it duty of court to examine contents of bond and determine whether it aids allegations of petition.

2. In determining whether petition by city to recover costs of slagging and completing streets is demurrable allegations of petition alone will be looked to by Court of Appeals.

3. Section 3723 GC., providing that dedicated street shall not be deemed public street, unless dedication is accepted and confirmed by ordinance, is not limitation on general powers of municipal corporation to open and improve streets, but is restriction on power possessed by others of imposing burdens and responsibilities on corporation.

4. Under 3584 to 3586 GC., owner of ground dividing land for purpose of sale may cause plat of same to be prepared, showing streets, and, when plat is accepted by municipality and recorded, fee of streets vests in municipality in trust for uses intended.

5. Compliance with 3584 to 3586 GC., respecting making and recording of plat conveying streets to city, including approval of the plat by the council, vests title to streets in city without further action under Sect. 3723, providing for acceptance of dedicated streets by ordinance.

6. Petition, alleging that village by resolution authorized mayor and clerk to approve plat showing streets to be conveyed to village, and that plat was so approved and recorded, is sufficient to show acceptance of title to streets by municipality under Section 3584 to 3586 GC.

7. Village, having exclusive control over streets may contract with company desiring to open allotment for improvement of streets therein, in consideration of village council approving and permitting recording of plat dedicating agreed, city has right of action for breach of contract.

8. On breach of contract by company contracting to improve streets in consideration of city's approving and permitting recording of plat dedicating streets in its allotment, measure of damages to city is reasonable cost of completing work; it being immaterial that work has not been done or completed by city.

9. Under security bond, given to secure performance of contract with city to improve streets in consideration of city approving and permitting recording of plat dedicating streets, city may recover expense of doing work against surety company on breach of contract by principal.

(Richards, PJ., and Young, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

No. 909

AKRON CHAPTER NO. 300 AM. INS.

UN. v. READ.

Ohio Appeals, 9th Dist., Summit Co.
E. G. Hammond, Akron, for Akron Chapter.

Lloyd R. Read, Akron, for Read.

57. AID OF EXECUTION—85. Appeals.

PARDEE, J.

Proceedings in aid of execution under Section 11768 et seq. GC., started in the court of Common Pleas, are not appealable.

(Washburn, PJ., and Funk, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.